Donald J. Koehler, II, OSB No. 130313
dkoehler@cablehuston.com
CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW Fifth Avenue, Suite 2000
Portland, OR  97204-1136
Telephone:  (503) 224-3092
Facsimile:  (503) 224-3176

     Of Attorneys for Defendant Clackamas County Bank

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| DANIEL P. KLAHN, SR.; and LAURIE KLAHN,<br><br>     Plaintiffs,<br><br>v.<br><br>CLACKAMAS COUNTY BANK; CABLE HUSTON BENEDICT HAAGENSEN & LLOYD, LLP; and LAURA J. WALKER,<br><br>     Defendants. | Civil Case No. 3:13-cv-00621-ST<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT CLACKAMAS COUNTY BANK'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)** |

Defendant Clackamas County Bank (the "Bank Defendant") submits this memorandum in support of its Motion to Dismiss the Complaint.  For the reasons set forth below, Plaintiffs' claims against the Bank Defendant should be dismissed in their entirety with prejudice.

**LR 7-2(b) CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitations under LR 7-2(b). Presently, this brief is 13 pages and contains 3,741 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

## I.  INTRODUCTION

Plaintiffs allege seven separate causes of action against the Bank Defendant, and another possible claim for vicarious liability based on Plaintiffs' claims against Defendants Cable Huston Benedict Haagensen & Lloyd, LLC and Laura J. Walker.  Plaintiffs' claims against the Bank Defendant include breach of contract, negligence, breach of confidence, abuse of process, conspiracy, fraud and negligent infliction of emotional distress.  Though there is no separate count in their complaint, there is also an indication in Plaintiffs' prayer for relief that they are making a claim against the Bank Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA") based on vicarious liability.  As discussed below, Plaintiffs' claims against the Bank Defendant should be dismissed because their claims have either been released, or are barred by res judicata, fail to state a claim for which relief may be granted, and may be barred by the statute of limitations.  Accordingly, claims against the Bank Defendant should be dismissed with prejudice.

## II.  STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may dismiss a complaint because of "the lack of a cognizable legal theory or because insufficient facts are alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences are not accepted as true. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim" *National Ass'n. for the Advancement of Psychoanalysis v.California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000).

Generally, under Rule 12(b)(6), the Court does not consider evidence beyond the pleadings. Fed.R.Civ.P. 12(d). However, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell,* 14 F.3d 449 (9th Cir. 1994). The court may also consider documents whose authenticity are not contested, and upon which the plaintiff's complaint necessarily relies, even though the documents are not specifically mentioned in the complaint. *Parrino v. FHP, Inc.* 146 F.3d 699, 706 (9th Cir. 1998). Further, the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The court may take judicial notice of public records without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

## III. FACTS

As noted above, the court can take notice of certain matters outside the pleadings in connection with a motion to dismiss. A brief summary of the relevant facts and documents is included to put the allegations in the pleadings in context.

Defendant Bank made a loan to Plaintiffs on February 25, 2009, secured by a lien on the floating home. Koehler Dec., Ex. A. The floating home is considered personal property and the Bank obtained a security agreement and assignment of rents as collateral for the loan. Koehler Dec., Ex.'s B and C. Clackamas County Bank filed suit in Multnomah County Circuit Court on November 21, 2011, under Case No. 1111-15401. Koehler Dec., Ex. E. The lawsuit was settled in February 2012 and any claims arising prior to the date of the settlement were waived as part of

the settlement agreement.  Koehler Dec., Ex. D. Plaintiffs subsequently defaulted on the settlement and a second lawsuit was filed on December 14, 2012, under Case No. 1212-16009. Koehler Dec., Ex. F.  Plaintiffs (who were defendants in the Multnomah County Circuit Court cases) defaulted and judgment was entered on April 5, 2013, foreclosing the Bank's security interest in the floating home.  Koehler Dec., Ex. G.  A sheriff's sale will be scheduled pursuant to the judgment of foreclosure.

## IV.  ARGUMENT

**1.      Plaintiffs' Claims have Been Released or are Barred by Res Judicata**

Each of Plaintiffs' claims against the Bank Defendant relates to the enforcement of Bank Defendant's loan secured by Plaintiffs' floating home.  Plaintiffs' claims necessarily rely upon the loan documents regarding that indebtedness, and the court may therefore consider those loan documents for purposes of this motion.  The loan documents (promissory note, security agreement and assignment of rents) are attached to the Declaration of Donald J. Koehler, II filed herewith as Exhibits "A", "B" and "C" respectively.

As Plaintiffs note in their complaint, the Bank Defendant filed two separate foreclosure actions against the Plaintiffs. Comp., p.7, lines 15-16. The first foreclosure action filed in 2011 resulted in a Settlement and Loan Modification Agreement ("Settlement Agreement") between Plaintiffs and the Bank Defendant.   Under the terms of the Settlement Agreement, Plaintiffs specifically released the Bank Defendant, its officers, agents and employees from any claims arising prior to February 8, 2012.  Koehler Dec., Ex. D, ¶ 7

On April 5, 2013, the Bank Defendant obtained a default judgment in Multnomah County Circuit Court on Plaintiffs' indebtedness to the Bank Defendant and authorizing foreclosure of the floating home. Koehler Dec., Ex. G.

The claims asserted by Plaintiffs in this case are barred under the doctrine of res judicata because they arise out of the same contract documents and the same facts and circumstances at issue in the Multnomah County Circuit Court case.  Plaintiffs failed to assert any defenses or counterclaims under the loan documents and cannot raise the issues now by filing a separate proceeding.  "(A) party cannot recover in a separate action on a cause of action which he failed to plead in a prior action by way of setoff or counterclaim but which was necessarily adjudicated by a former judgment."  *Brandano v. Norpa Development, Inc.*, 54 Or.App. 387, 389-90, 635 P.2d 6, 7 (1981).  Plaintiffs' failed to answer in the foreclosure action but their claims in this matter for breach of contract, abuse of process, conspiracy and fraud were necessarily adjudicated in the state foreclosure action as explained below.

**2.      Plaintiffs Fail to State a Claim for Which Relief May be Granted.**

**A.      Breach of Contract**

Plaintiffs' breach of contract claim is based on their allegation that the Bank Defendant wrongfully advanced funds to a third party, Captains Moorage, to pay for the past due moorage fees on the floating home.  Plaintiffs claim that those amounts advanced by the Bank Defendant should not have been added to the loan balance. Comp. p. 3, lines 3-8, 16-19.  However, the Circuit Court in the second state foreclosure action necessarily decided that it was appropriate for the Bank Defendant to add those moorage fees to the balance owing on the note.  In its complaint in that action, the Bank Defendant requested an amount which included amounts advanced by the Bank Defendant for moorage fees.  Koehler Dec., Ex. F, ¶ 8.  The judgment awarded the Bank Defendant the amount it set forth in the prayer, including the moorage fees advanced by the Bank Defendant. Koehler Dec., Ex. G, ¶ 1.  The Bank Defendants' right to advance and

collect those amounts was therefore necessarily decided in the foreclosure action.  Therefore, Plaintiffs' breach of contract claim should be dismissed as being barred by res judicata.

Further, the very actions of which Plaintiffs complain are authorized in the security agreement, which was the subject of the state court foreclosure action.  The security agreement states under the section titled "Lender's Expenditures":

> "If I fail (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, . . .then Lender, on my behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interest.  All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note form the date incurred or paid by Lender to the date of repayment by me.  All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due . . . ."

Koehler Dec., Ex. B, p. 1.  Identical language is included in the assignment of rents.  Koehler Dec., Ex. C, pp. 1-2. This language clearly gave the Bank Defendant the right to pay the moorage fees when they became delinquent and add those amounts to the balance of the Plaintiffs' note.  Since the agreements at issue in the state court foreclosure action govern the right to reimbursement of amounts paid by the lender and Defendants failed to challenge the payments in that case, they are precluded from doing so here.

Because Plaintiffs' claim for breach of contract is barred by res judicata, and the actions complained of were authorized under the loan documents, that claim should be dismissed with prejudice.

**B.    Negligence**

Plaintiffs' negligence claim is based on their allegations that Defendant Laura J. Walker ("Defendant Walker"), acting on behalf of the Bank Defendant, contacted their tenants, and that this contact caused the tenant to vacate the floating home thereby resulting in damage to

Plaintiffs. Comp., p. 4, lines 19-23, p. 5, lines 1-4.  Plaintiffs assert that the Bank Defendant was vicariously liable for the actions of Defendant Walker. Comp., p. 5, lines 21-23.  Plaintiffs allege further that Defendant Walker's actions constituted negligence in that they violated the Protecting Tenants at Foreclosure Act.  Comp., p. 5, lines 6-21.

The Protecting Tenants at Foreclosure Act, 42 USC 1437f(o)(7) ("PTFA"), was enacted to protect tenants who are the victims of the foreclosure crisis. *Nativi v. Deutsche Bank National Trust Co.,* 2010 WL 2179885 (N.D.Cal.) (citations omitted).  Plaintiffs were the owners/landlords of the floating home.  They were not tenants and as such do not belong to the class for whose benefit the statute was enacted.  Further, it has been consistently held that even for tenants, the PTFA does not provide a private right of action. *Id.* Because Plaintiffs' claim for negligence is based on violation of the PTFA, it should be dismissed with prejudice.

While the Bank Defendant disputes the allegation that it gave Plaintiffs' tenant a notice to vacate, even if said notice had been given, the assignment of rents authorized the Bank Defendant to "collect the Rents and remove any tenant or tenants or other persons from the Property."  Koehler Dec., Ex. C, p. 1.  Further, pursuant to the assignment of rents, the Defendant Bank is authorized to contact the tenant, itself or through an agent.  Koehler Dec., Ex. C, p. 1.  The Bank Defendant's right to collect rents and enforce the rental agreement was resolved in the Multnomah County Circuit Court case, because rents collected by the Bank Defendant were credited against the balance due. Koehler Dec., Ex. F, ¶ 5.  Further, Plaintiffs expressly acknowledged and authorized the Bank Defendant to contact the tenant in the Settlement Agreement. Koehler Dec., Ex. D, ¶ 6.  Plaintiffs' fail to state a claim for which relief may be granted and their claim of negligence should be dismissed with prejudice.

**C.    Breach of Confidence**

"The gravamen of the tort of breach of confidentiality, in Oregon and nationally, is the affirmative disclosure of information by a person to whom the confidential information has been entrusted." *Stevens v. First Interstate Bank of Oregon*, 167 Or.App. 280, 286, 999 P.2d 551, 554 (2000).  Plaintiffs' breach of confidence claim fails to specifically set forth the "confidential information" alleged to have been disclosed.  It appears from the complaint that Plaintiffs claim is based on  disclosure of the Bank Defendant's intent to foreclose on the floating home. Comp., p. 7, lines 8-12.  There is no allegation that the Bank Defendant disclosed any specifics with regard to the Plaintiffs' financial information, merely that it disclosed its intent to foreclose.  The Bank Defendant's filing of a complaint seeking foreclosure of Plaintiffs' floating home made that information a matter of public record, and cannot be the basis for an action for breach of confidence. Plaintiffs' claim for breach of confidence should be dismissed.

**D.    Abuse of Process**

Plaintiffs' claim for abuse of process is based on the Bank Defendant's taking steps to foreclose on the floating home.  Comp., p. 7, lines 15-16.  "Abuse of process is the perversion of a process that is regular on its face to a purpose for which the process is not intended." *Yanney v. Koehler*, 147 Or.App. 269, 276, 935 P.2d 1235, 1240 (1995).  "As such, to plead a claim for abuse of process, a plaintiff must allege some ulterior purpose, unrelated to the process, and a willful act in the use of the process that is not proper in the regular conduct of the proceeding." *Id.*  Plaintiffs allege the Bank Defendants' ulterior purpose in bringing the foreclosure actions was to profit from the sale of the floating home based on its equity.  Comp., p. 7, lines 17-19.

The second foreclosure action filed by the Bank Defendant simply sought a judgment for amounts owed to it by Plaintiffs and foreclosure of the floating home pursuant to ORS Chapter

79.  Koehler Dec., Ex. F, prayer for relief ¶¶ 1, 2.  Contrary to Plaintiffs' suggestion, paragraph 2 of the prayer for relief, specifically asked that any excess funds received from the foreclosure sale be distributed to Plaintiffs.  Koehler Dec., Ex. F.  This alone should suffice to dismiss Plaintiffs' claim for abuse of process, as it unequivocally refutes Plaintiffs' claim that the Bank Defendant's ulterior motive in seeking foreclosure was to profit from equity in the floating home.

The purpose of a foreclosure is to obtain the right to have the property securing an indebtedness sold to satisfy the debt owed.  The Bank Defendant received a judgment for the amount it was owed by Plaintiffs and foreclosing the Defendant Bank's lien on the floating home by Sheriff's Sale. Koehler Dec., Ex. G, ¶¶ 3, 4.  In the foreclosure action, the Bank Defendant did not seek, nor did it receive, anything more than the amount owed under the note.  That judgment ordered the sale of the floating home by the Multnomah County Sheriff and provided that any proceeds received at foreclosure of the floating home, in excess of the costs of foreclosure and amounts owed the Bank Defendant, must be paid to the clerk of the court.  Koehler Dec., Ex. G, ¶ 4.  The disposition of proceeds from the foreclosure sale is controlled by ORS Chapter 18, establishing the procedure for Sheriff's sales, which provides that any surplus received at a foreclosure sale shall be paid to the clerk of the court for distribution pursuant to further order of the court. Because the ulterior motive necessary to establish a claim for abuse of process as alleged by Plaintiffs is negated by the Bank Defendant's complaint in the Multnomah County Circuit Court case, the judgment received in that case, and Oregon statutes, that claim should be dismissed with prejudice.

E.       Conspiracy

In order to state a case for civil conspiracy, the Plaintiffs must allege facts that, taken as true, would establish "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Yanney,* 147 Or.App. at 273, 935 P.2d at 1238.

Plaintiffs' conspiracy allegations are based on the Bank Defendant paying the delinquent moorage fees to Captain Moorage where the floating home was moored, a lack of communication by the Bank Defendant, filing the foreclosure actions, and violating their tenant's rights. Comp., p. 9, lines 17-21. Payment of the delinquent moorage fees was authorized under the security agreement between Plaintiffs and the Bank Defendant, as discussed above. Filing of the foreclosure action was authorized under the security agreement and was not an abuse of process, as discussed above. Violation of their tenant's rights was discussed above, and again does not provide a basis for a finding of conspiracy.

Plaintiffs claim that the "object to be accomplished" is the Bank Defendant's "financial gain with the substantial amount of equity in the property." Comp., p. 8, lines 20-21. As set forth above with regard to Plaintiffs' abuse of process claim, the Bank Defendant's complaint in the Multnomah County Circuit Court case requested that any funds remaining after payment of costs of foreclosure and amounts owed to the Bank Defendant be distributed to Plaintiff. Koehler Dec., Ex. F, prayer for relief ¶ 2. A review of the judgment rendered in that state foreclosure action clearly establishes the Bank Defendant would not profit from the foreclosure and sale of Plaintiffs' floating home. Paragraph 4 of that judgment states:

The proceeds of sale of the Property will be applied in the following order:

(a)      First, to the sheriff's fee and expense of the sale;

(b)    Second, to Plaintiff toward satisfaction of the judgment, including costs, pre-judgment interest, attorney fees and the prevailing party fee totaling $137,142.39 and any supplemental judgment entered herein; and

(c)    The surplus, if any, shall be paid to the clerk of the court for distribution pursuant to the further order of the court.

Koehler Dec., Ex. G, p. 2, lines 8-9 (emphasis added).

Besides the fact that Plaintiffs are free to bid at the Sheriff's sale, Plaintiffs' equity in the floating home is protected by the statutory provisions regarding a Sheriff's sale as provided in ORS Chapter 18. Under ORS 18.930(7), the Plaintiffs could pay the judgment prior to the sale through refinancing or other methods. Under ORS 18.950 any surplus remaining after payment of the costs of the Sheriff's sale and satisfaction of Bank Defendant's judgment is required to be paid to the clerk of court for distribution pursuant to the further order of the court. Bank Defendant's enforcement of a judgment through Sheriff's sale cannot, as a matter of law, constitute a wrongful conspiracy. As such, Plaintiffs' fail to state a claim for which relief may be granted and their claim for conspiracy should be dismissed with prejudice.

## F.    Fraud

Plaintiffs' fraud claim is based on allegations that the Bank Defendant intentionally deceived them so that Bank Defendant could take possession and ownership of their floating home for financial gain. Comp., p. 10, lines 1-6. As already set forth above, Bank Defendant's complaint in the Multnomah County Circuit Court case clearly establishes that Bank Defendant did not seek to take ownership of the floating home. Rather, Bank Defendant sought foreclosure and specifically requested that any excess funds received from the foreclosure sale be distributed to Plaintiffs. The judgment received in that case did not provide for the Bank Defendant to keep

any equity in the float home.  That judgment clearly sets forth how the proceeds from the foreclosure sale of the floating home will be disbursed.  The judgment merely provides the Bank Defendant with the monies owed to it by Plaintiffs under the promissory note.  Koehler Dec., Ex. G, p. 2, lines 5-7.  If the sale of the floating home results in funds that exceed that amount, those monies will be paid into the Court as the judgment directs. Koehler Dec., Ex. G, p. 2, lines 8-9.  Plaintiffs' fraud claim should be dismissed with prejudice.

### G.    Other Claims

#### a.    Negligent Infliction of Emotional Distress

Plaintiffs also assert a claim for negligent infliction of emotional distress.  The Bank Defendant joins in the motion to dismiss filed by the Cable Huston Defendants and agrees that the claim for negligent infliction of emotional distress should be dismissed.  Bank Defendant adopts the arguments of the Cable Huston Defendants as if set forth herein in their entirety.

#### b.    Vicarious Liability for Violation of FDCPA

While Plaintiffs do not expressly set forth a separate claim against the Bank Defendant based on violation of the FDCPA, in their prayer for relief they ask the court to award damages against the Bank Defendant under the FDCPA based on vicarious liability.  The fact that there are no allegations contained within Plaintiffs' complaint setting forth facts establishing a claim against the Bank Defendant for these damages is enough to dismiss this claim (if there is one) with prejudice.

Interestingly, the case cited by Plaintiffs in their prayer for relief as authority to hold the Bank Defendant vicariously liable, *Duraney v. Washington Mutual Bank F.A.*, 2008 U.S. Dist Lexis 72087 (W.D.Pa. Sept. 11, 2008), in fact holds just the opposite.  The *Duraney* case properly noted that under the FDCPA a creditor collecting a debt owed to it is not a "debt

collector" for purposes of the Act.  The *Duraney* court went on to hold that because a creditor (such as the Bank Defendant in this case) is not a debt collector, it cannot be held vicariously liable for the actions of its attorney, regardless of whether the attorney is a debt collector under the Act.

Further, as set forth in the motion to dismiss filed by the Cable Huston Defendants, the FDCPA only applies to consumer debts and not to debts on rental properties.  The Bank Defendant joins in that part of the motion to dismiss filed by the Cable Huston Defendants and agrees that any claim based on the FDCPA should be dismissed.  The Bank Defendant adopts the arguments of the Cable Huston Defendants regarding inapplicability of the FDCPA to Plaintiffs' debt as if set forth herein in their entirety. Therefore, to the extent Plaintiffs' complaint sets forth a claim for vicarious liability against the Bank Defendant based on the FDCPA, it should be dismissed with prejudice.

## V.   CONCLUSION

For the preceding reasons, the Bank Defendant respectfully requests that this Court dismiss Plaintiffs' claims against the Bank Defendant with prejudice because Plaintiffs have not and cannot state a claim for relief.

Respectfully submitted this 7th day of June, 2013.

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP


s/ Donald J. Koehler, II
Donald J. Koehler, II, OSB No. 130313
dkoehler@cablehuston.com
Of Attorneys for Defendant Clackamas County Bank

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2013, I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT CLACKAMAS COUNTY BANK'S MOTION TO DISMISS**, on the following parties at the following address:

Daniel P. Klahn, Sr.
Laurie Klahn
P.O. Box 10124
Pleasanton, CA 94588

      Plaintiffs *Pro Se*

by the following method:

    [✔]    by **MAILING** a full, true and correct copy thereof in a sealed, postage-paid envelope, addressed as shown above, and deposited with the U.S. Postal Service at Portland, Oregon, on the date set forth below.

Janet Schroer
Hoffman Hart
1000 SW Broadway Ste 2000
Portland OR 97205
Email: jms@hartwagner.com

      Of Attorneys for Defendants Cable Huston Benedict Haagensen & Lloyd LLP and Laura J. Walker

by the following method:

    [✔]    **ELECTRONIC MAIL – CM/ECF** notice of electronic filing.

      s/ Donald J. Koehler, II
      Donald J. Koehler, II, OSB No. 130313
      Of Attorneys for Defendant Clackamas County Bank

      4845-9863-4772, v. 1