UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DANIEL P. KLAHN SR.,

        Plaintiff,

    v.

CLACKAMAS COUNTY BANK; CABLE,
HUSTON BENEDICT HAAGENSEN &
LLOYD, LLP; and LAURA J. WALKER,

        Defendants.

Civil No. 3:13-CV-621-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Daniel P. Klahn ("Klahn"),[1] appearing *pro se*, filed a Complaint on April 13,
2013, alleging various claims against defendants Clackamas County Bank ("Bank"), the law firm
of Cable Huston Benedict Haagensen & Lloyd, LLP ("Cable Huston") and one of its lawyers,
Laura J. Walker ("Walker"), arising out of conduct culminating in foreclosure proceedings
against Klahn's floating home.

Klahn invokes diversity jurisdiction under 28 USC § 1332 based on his citizenship in
California and defendants' citizenship in Oregon. However, the Complaint fails to allege that the
amount in controversy exceeds the sum of $75,000.00, and the damages sought in the prayer of

---

[1] His wife, Laurie Klahn, was dismissed as a plaintiff on June 12, 2013 (docket # 42).

the Complaint may not meet that threshold. Even if the Complaint does not sufficiently allege

diversity jurisdiction, it alleges claims for violations of federal law which suffices to invoke

federal question jurisdiction under 28 USC § 1331.

All parties have consented to allow a Magistrate Judge to enter final orders and judgment

in this case in accordance with FRCP 73 and 28 USC § 636(c).

At a telephone hearing held on July 24, 2013, this court heard argument on Klahn's

Expedited Request and Motion for an Emergency Order Barring the Sale of 55 NE Bridgeton

Rd., #6, Portland, Oregon (docket #45), Cable Huston and Walker's Motion to Dismiss (docket

#31), and the Bank's Motion to Dismiss (docket #36). For the reasons stated on the record at the

hearing and summarized below, Klahn's Motion for an Emergency Order is DENIED, Cable

Huston and Walker's Motion to Dismiss is GRANTED, the Bank's Motion to Dismiss is

GRANTED, and leave is granted to Klahn to file an Amended Complaint by August 23, 2013.

## **STANDARDS**

In order to state a claim for relief, a pleading must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief[.]" FRCP 8(a)(2). This standard "does not

require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), citing *Bell Atl.

Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do.'" *Id*, quoting *Twombly*,

550 US at 555. In order to survive a motion to dismiss for failure to state a claim pursuant to

FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570.

In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F3d 777, 783 (9th Cir 2012). In addition to the allegations of the complaint, the court may also consider documents whose authenticity no party questions which are attached to, or incorporated by reference into, the complaint, as well as matters capable of judicial notice. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F3d 1005, 1016 n9 (9th Cir 2012); *Coto Settlement v. Eisenberg*, 593 F3d 1031, 1038 (9th Cir 2010).

In support of their motions, defendants have submitted copies of documents which were either recorded in the Multnomah County Official Records or filed in the Circuit Court of the State of Oregon for the County of Multnomah. These are documents which are capable of judicial notice. In addition, defendants have submitted documents signed by the parties whose authenticity is not questioned. Therefore, in resolving the motions to dismiss, the court may consider all of these documents and need not accept as true allegations in the complaint that contradict these sources. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F3d 992, 998 (9th Cir 2010) ("We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citation omitted).

In responding to the motions to dismiss, Klahn submitted facts not alleged in the Complaint. To the extent that these facts are disputed by defendants (such as whether the Bank first contacted the tenant or whether the Bank evicted the tenants), they cannot be considered. However, given Klahn is representing himself, this court will consider those facts which are not disputed.

///

## CHRONOLOGY

Based on the allegations in the Complaint and other submissions, the following is a brief chronology of the main events leading up to the filing of this case:

2008:  While living in Montana, the Klahns bought a floating home in Portland, Oregon, with they intended to use as their primary home.  However, their move to Oregon was delayed. In the interim, they have lived in California and rented the floating home.

2/25/09:  The Bank made a $213,200 loan to Klahns secured by note and by a Consumer Security Agreement on the floating home.

1/3/11:  The Bank obtained an Assignment of Rents as additional security for the loan.

11/21/11:  The Bank filed a lawsuit in Multnomah County Circuit Court to foreclose its security interest in the floating home.

2/28/12:  The parties settled the lawsuit by executing a Settlement and Loan Modification Agreement.

10/22/12:  Without notice to the Klahns, the Bank advanced $2,250 to Captains Moorage to pay the slip rental arrearage and added that amount to the loan.

12/14/12:  The Bank filed second lawsuit in Multnomah County Circuit Court to foreclose its security interest in the floating home based on the Klahns' alleged failure to pay moorage fees due to Captains Moorage and real property taxes for 2011-12 & 2012-13.  Klahn disputes that he was in default.

2/7/13:  Based on unsuccessful attempts to personally serve the Klahns with the Summons and Complaint, the Multnomah County Circuit Court entered an Order Allowing Service by Publication and by posting a copy on the floating home.

2/11/13:  A notice of the lawsuit was posted on the floating home.

4/3/13:   Based on the Klahns' failure to appear, the Multnomah County Circuit Court entered a General Judgment and Money Award (Ex Parte) foreclosing the Bank's security interest.

## CLAIMS

The Complaint alleges the following claims against the Bank:

Claim 1:  Breach of Contract arising out of the Bank advancing funds to Captains Moorage without Klahn's knowledge or consent and adding that amount to the loan;

Claim 2:  Negligence based on contacting Klahn's tenant, advancing funds to Captains Moorage, and sending an eviction notice to the tenant in violation of the Protecting Tenants Foreclosure Act;

Claim 3:  Breach of Confidence by directly contacting Captains Moorage, the tenant and a realtor and disclosing the status of the loan and an intent to foreclose;

Claim 4:  Abuse of Process based on filing two foreclosure actions;

Claim 5:  Conspiracy with Deborah Robinson, Board Member of Captains Moorage, to take ownership of and sell the floating home;

Claim 6:  Fraud for financial gain; and

Claim 7:  Negligent Infliction of Emotional Distress.

The Complaint also alleges two claims against Cable Huston and Walker for violations of the Fair Debt Collection Practices Act, 15 USC § 1692 ("FDCPA"), and for Negligent Infliction of Emotional Distress.

///

///

///

## DISCUSSION

### I.    Motion for an Emergency Order Barring Sale

Pending resolution of these motions, the Bank has voluntarily delayed a Sheriff's sale of the floating home to execute on its foreclosure judgment.  Now that these motions are resolved, this Court cannot bar the sale as requested by Klahn.  As argued the Bank, any interference by this court in the state court proceedings is barred by the *Rooker-Feldman* doctrine and the doctrine of estoppel by judgment.  Moreover, Klahn only seeks money damages and, thus, will not suffer irreparable harm to justify any preliminary injunctive relief.

If the Klahns did not receive notice of the second foreclosure action and have a viable defense to the Bank's claim of a default on the loan, as they contend, then they must take action in state court to appeal, stay or set aside the judgment of foreclosure.

### II.    Bank's Motion to Dismiss

To the extent that Klahn contests that he was in default and that the Bank has any right to foreclosure its security interest, his claims arise out of the same contract documents and same facts and circumstances at issue in the state court action.  As a result, they are barred.  In any event, Klahn fails to state any claim upon which relief can be granted as discussed below.

With respect to the breach of contract claim based on the Bank adding moorage arrearages to loan, the state court in the second foreclosure action necessarily decided that the Bank appropriately added moorage fees to the balance owing on the loan.  Moreover, the Consumer Security Agreement expressly authorizes the Bank to pay expenses necessary to keep the floating home free of "liens" and "claims" and to add such expenses to the balance of the loan.

With respect to any negligence in directly contacting the tenants, Klahn, who is not the tenant, has no claim under the Protecting Tenants at Foreclosure Act and, based on the cases cited by the Bank, that act provides no private right of action.

The Breach of Confidence claim is premised on providing notice to the tenant, Captains Moorage, and a realtor of the Bank's intent to foreclose. Any disclosure to the realtor allegedly occurred in 2011 in connection with the first foreclosure proceeding. However, when settling that foreclosure proceeding, the Klahns released all claims. Any disclosure to Captain Moorage was authorized by the terms of the Consumer Security Agreement which allows the Bank to take action to keep the floating home free of "liens" and "claims." With respect to notice to the tenant, the court in the second foreclosure action authorized posting a notice of the Summons and Complaint as an alternative form of service on the Klahns. Thus, this claim has no merit.

The Abuse of Process claim is premised on the Bank pursuing a foreclosure for its own pecuniary gain. However, the foreclosure does not enable the Bank to receive anything more than the amount due on the Note. The foreclosure judgment specifically requires any excess funds received from the sale to be distributed to the Klahns as provided by Oregon law. Thus, the Complaint alleges no factual basis for this claim.

The Conspiracy claim is premised on the Bank paying the delinquent moorage fees, not communicating, filing the foreclosure actions, and violating the tenant's rights. Since none of those alleged acts rises to the level of a viable claim, the conspiracy claim also fails. Moreover, enforcement of a judgment through a Sheriff's sale cannot constitute a wrongful conspiracy.

The Fraud claim accuses the Bank of seeking to acquire the floating home for financial gain. As discussed above, the alleged facts do not support such a claim.

Finally, the Negligent Infliction of Emotional Distress claim fails under Oregon law as argued by Cable Huston and Walker.

As became clear during the argument on the motions, any claim by Klahn against the Bank separate and apart from the validity of the state court foreclosure arises from his loss of his tenant due to the Bank's alleged harassment of the tenant prior to the foreclosure judgment. According to Klahn, the tenant timely made all rental payments to the Bank which covered the monthly loan payments. Thus, the Bank had no reason to contact the tenant concerning Klahn's alleged default in the moorage fees without Klahn's consent and cause the tenant to leave. If true, Klahn may be able to state a viable claim under Oregon law for intentional interference with business relations. To pursue that potential claim, he may file an Amended Complaint. However, to bring that claim in federal court pursuant to diversity jurisdiction, the damages must exceed $75,000.00, which they may not. If not, this claim must be filed in state court.

## III.    Cable Huston and Walker's Motion to Dismiss

The FDCPA applies only to consumer debts defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes." 15 USC § 1692a(5). Klahn argues that he obtained the loan from the Bank to purchase the floating home with the intent to make it his primary residence. Premised on this intent, the Bank may well have made a consumer loan initially, as evidenced by the title "Consumer Security Agreement." However, at some point, the floating home became occupied by a tenant, and the loan became subject to the additional security of the Assignment of Rents. Based on the cases cited by defendants, a debt associated with rental properties or for investment purposes is not considered a consumer debt under the FDCPA.

Any alleged conduct by the lawyer defendants which falls within the FDCPA's one-year statute of limitations (after April 2012) occurred after the floating home became a rental or investment property.  Thus, any conduct by them did not pertain to a consumer debt. Furthermore, that alleged conduct arose out of the second foreclosure action.  Based on the cases cited by defendants, foreclosure does not constitute debt collection under the FDCPA.  Thus, the Complaint fails to state a claim for violations of the FDCPA.

Even though the Klahns allege that they have suffered emotional distress, the Complaint also fails to state a claim for the negligent infliction of emotional distress under Oregon law based on the cases cited by defendants.

Any further amendment to state a viable claim against these defendants based on the facts alleged in Complaint is futile.  Thus, these defendants are dismissed with prejudice.

## ORDER

Accordingly, Klahn's Motion for an Emergency Order (docket #45) is DENIED; Cable Huston and Walker's Motion to Dismiss (docket #31) is GRANTED and those defendants are dismissed with prejudice , and the Bank's Motion to Dismiss (docket #36) is GRANTED with leave granted to the Klahns to file an Amended Complaint by August 23, 2013.  The failure to timely file an Amended Complaint will result in dismissal of this case.

In addition, the Bank shall commence negotiations with the Klahns in a good faith attempt to modify the loan, if possible, in order to enable them to retain ownership of the floating home.

DATED  July 24, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge