UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DANIEL P. KLAHN SR.,

        Plaintiff,

    v.

CLACKAMAS COUNTY BANK; CABLE,
HUSTON BENEDICT HAAGENSEN &
LLOYD, LLP; and LAURA J. WALKER,

        Defendants.

Civil No. 3:13-CV-621-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

Plaintiff, Daniel P. Klahn ("Klahn"),[1] appearing *pro se*, has filed a Motion for Sanctions

against Clackamas County Bank ("Bank") and one of its attorneys, Laura J. Walker, for conduct

related to an unsuccessful mediation held in November 2013.  Klahn seeks sanctions against the

Bank and Ms. Walker pursuant to FRCP 11(b) for failing to negotiate in good faith to modify his

loan, as well as sanctions pursuant to DR 7-102(A)(1) and ORS 9.527(3) for improper conduct.

As a threshold issue, defendants assert that Klahn failed to comply with LR 7-1.  Instead

of making "a good faith effort through personal or telephone conferences to resolve the dispute,"

they assert that the merely notified the Bank and/or its counsel of his intent to file this motion.

Klahn disagrees, stating that on November 20, 2013, he sent an email to Ms. Walker, as counsel

---

[1] His wife, Laurie Klahn, was dismissed as a plaintiff on June 12, 2013 (docket #42).

for the Bank, titled "Plaintiff's First Attempt in Good Faith to Confer Regarding Motion for Sanctions" to which Ms. Walker did not respond.  However, Klahn filed his motion the next day on November 21, 2013, thus giving Ms. Walker less than one day to respond.  Absent either a follow-up email or telephone call to Ms. Walker or the lapse of a few more days to allow her to respond, Klahn did not comply with LR 7-1.  Accordingly, pursuant to LR 7(a)(2), the court may deny the motion on that basis alone.  But because the Bank and Ms. Walker have responded to the motion on the merits, this court will address their other arguments.

First, no sanctions are available under FRCP 11 because Klahn failed to comply with the "safe harbor" provision of that rule.  Before a party may file or present a motion for sanctions to the court, FRCP 11(c)(2) requires that the motion must first be served under FRCP 5 and then allow the party against whom the sanction is sought 21 days to correct the alleged violation.  Klahn did not do that.  Thus, his motion for sanctions pursuant to FRCP 11 must be denied as procedurally defective.

Second, by its terms, FRCP 11 applies to "[r]epresentations to the Court" made in "presenting to the court a pleading, written motion, and other paper − whether by signing, filing, submitting or later advocating it."  Accordingly, it "provides two independent bases for the imposition of sanctions: a frivolous pleading and a pleading filed for an improper purpose." *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F2d 1301, 1305 (9th Cir 1990).  It is inapplicable to other conduct not involving a document submitted to the court, including alleged violations of court orders.  *Ali v. Tolbert*, 636 F3d 622, 626-27 (DC Cir 201l) (conduct not involving a document submitted to the court is not sanctionable under FRCP 11); *Metz v. Unizan Bank*, 655 F3d 485, 491 (6th Cir 2011) (Rule 11 does not apply to the disregard of court

orders); *O'Brien v. Alexander*, 101 F3d 1479, 1489 (2nd Cir 1996) (oral advocacy not flowing directly from documents filed with the court do not fall within the scope of FRCP 11).

Klahn complains that the Bank did not comply with the court's May 24, 2013 Order (docket # 61) to "commence negotiations with the Klahns in a good faith attempt to modify the loan, if possible, in order to enable them to retain ownership of the floating home," did not make any offer in good faith during the subsequent mediation, and failed to have anyone present with decision-making authority at the mediation. As a result, the mediation was unproductive and a waste of Klahn's time and money to travel to Portland, causing him to miss work, miss two days of radiation treatment for his kidney cancer, and incur the cost of gas, lodging, and other expenses. Klahn believes that the Bank's intent was to avoid making any offers that he might find acceptable and to delay the hearing long enough for a motion to stay to be heard by the Bankruptcy Court on December 4, 2013. That suspicion may be true, but Klahn fails to identify any writing or any oral advocacy of any writing by the Bank or Ms. Walker that would warrant sanctions under FRCP 11(b). Although this court regrets the time and expense incurred by Klahn without achieving a satisfactory result, FRCP 11 simply does not provide an appropriate avenue for seeking sanctions for any conduct by the Bank or Ms. Walker related to the mediation, whether or not they intentionally used dilatory tactics.

Third, any motion for sanctions fails on the merits. Any settlement offers and responses made before, during or after the mediation are confidential and inadmissible as evidence in any court proceeding. LR 16-4(g); ORS 36.222(1). Furthermore, the Bank has submitted evidence that it did make an initial settlement offer in writing as required by the July 24, 2013 Order (docket # 61). Koehler Decl., ¶ 6. The Klahns may have deemed this offer unacceptable, but that does not mean the Bank's offer violated the court's Order. In addition, the Bank has

submitted evidence that its representatives who attended the mediation did have settlement authority. *Id*, ¶ 7. If any parties were not present at the mediation with the requisite settlement authority, it appears to have been Klahn's wife, a joint owner of the floating home. And since Klahn's bankruptcy has been converted from a Chapter 13 to a Chapter 7, his claim now belongs to the Bankruptcy Trustee who also must approve any settlement.

Fourth, even if Ms. Walker engaged in improper conduct by failing to have the Bank bring a person with settlement authority to the mediation, neither DR 7-102(A)(1) nor ORS 9.527(3) provide a remedy. DR 7-102(A)(1) has not existed for nearly nine years. The new rule, OPRC 3.1, adopted in 2005 requires an attorney not to knowingly take a position that is not merited in fact or law or an extension of the law. Klahn's allegations do not rise to that level. The statute, ORS 9.527, specifies the grounds for disbarment, suspension or reprimand by the Oregon Supreme Court. Klahn must pursue any alleged violation under that statute through the Oregon State Bar's disciplinary process, not through this court.

## **ORDER**

In sum, even if Klahn is unhappy that the Bank did not make a settlement offer that he was willing to accept, he has no claim for sanctions against either the Bank or its attorney. Therefore, his Motion for Sanctions (docket #78) is DENIED.

DATED January 2, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge